Chris HALE d/b/a Alaska
Excavation, Appellant,

v.

Bob VITALE d/b/a Holiday Payless
Rent–A–Car and Holiday Payless
Rent–A–Car, Appellees.

No. S–1967.

Supreme Court of Alaska.

March 11, 1988.

Scott L. Taylor, Hoppner & Paskvan, P.C., Fairbanks, for appellant.

William R. Satterberg, Jr. and Michael A. Brain, Law Offices of William R. Satterberg, Jr., Fairbanks, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

MATTHEWS, Chief Justice.

Hale, a building contractor, brought suit for breach of contract. The trial court dismissed Hale's complaint pursuant to AS 08.18.151 which bars suits by contractors for breach of contract if they were not registered at the time they entered into the contract. We reverse.

The narrow question presented here is whether AS 08.18.151 bars a contractor from bringing an action if he is registered but not bonded. Hale's bond was cancelled six months before he entered into the contract, but his registration was still valid.[1]

AS 08.18.151 states:

A person acting in the capacity of a contractor may not bring an action in a court of this state for the collection of compensation for the performance of work or for breach of a contract for which registration is required under this chapter without alleging and proving that the contractor was a registered contractor at the time of contracting for the performance of the work.

We have stated that, "Section 151 imposes a harsh penalty on contractors and thus has not been given a broad or liberal construction." *Alaska Protection Services v. Frontier Colorcable, Inc.*, 680 P.2d 1119, 1122 (Alaska 1984) (citing *Industrial Power v. Western Modular Corp.*, 623 P.2d 291, 294 (Alaska 1981)).

In *Alaska Protection Services* we noted that, "section 151 should only be applied to bar an action when the contractor has not registered at all at the time of contracting." *Id.* at 1122. Hale was registered at the time of contracting, thus this statement supports his case. Vitale, however, relies on the following language in the *Alaska Protection Services* opinion: "Substantial

---

1. Alaska Statute 08.18.121(e) states: "Proceedings to suspend or revoke a license [registration] issued under this chapter are governed by the Administrative Procedures Act." The De-

partment of Commerce and Economic Development had not commenced proceedings against Hale prior to this contract.

compliance requires that the contractor be registered and have bonding and insurance coverage, since these are the primary means by which the statute seeks to protect parties dealing with contractors." *Id.* at 1122. This statement deals with substantial compliance which is not at issue here.[2] Hale strictly complied with AS 08.-18.151, thus it is inappropriate to apply the requirements of substantial compliance.

Vitale also cites AS 08.18.121(c) which states: "If a bonding company cancels its bond of a contractor the contractor's registration shall be revoked. The contractor may again obtain registration by complying with the requirements of this chapter." This section also provides that "[p]roceedings to suspend or revoke a license issued under this chapter are governed by the Administrative Procedure Act (AS 44.62)." AS 08.18.121(e). The Administrative Procedure Act provides that before a contractor's license may be revoked, he must be notified and have a hearing. *See* AS 44.62.-420, 44.62.450. While the penalty AS 08.-18.151 imposes on a non-registered contractor is harsh, this is mitigated by the procedural due process afforded before revocation can take place. To impose the penalty which attends revocation without notice or an opportunity to be heard would run counter to the legislative scheme, and to the rule that section 151 is to be interpreted narrowly.

REVERSED.

---

**2.** Substantial compliance is a doctrine which alleviates the harshness of AS 08.18.151 when that provision has not been strictly complied with, but the purposes of the statute have nonetheless been fulfilled. In *Alaska Protection Services,* the contractor had contracted under an unregistered name and thus had not strictly complied with AS 08.18.151.